BRIAN T. CORRIGAN, ESQ. (BAR NO. 143188)
STANLEY C. MORRIS, ESQ. (BAR NO. 183620)
**CORRIGAN & MORRIS LLP**
12300 WILSHIRE BOULEVARD, SUITE 210
WEST LOS ANGELES, CALIFORNIA 90025
BCORRIGAN@ CORMORLLP.COM
SCM@CORMORLLP.COM
TELEPHONE: (310) 394-2800
FACSIMILE: (310) 394-2825

*Attorneys for* Plaintiff
BODIE INVESTMENT GROUP, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BODIE INVESTMENT GROUP, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> V. <br><br> MARANI BRANDS, INC., a Nevada corporation, PAUL STRICKLAND, a Washington citizen; PACIFIC STOCK TRANSFER COMPANY, aka PACIFIC STOCK TRANSFER, INC., a Nevada corporation, and TANGIERS INVESTMENT GROUP, LLC, a Delaware limited liability company, <br><br> Defendants. | **CASE NO.: 17-cv-01946-JLS-JDE** <br> **Judge: Honorable Josephine L. Staton** <br><br> **EXHIBIT 1** <br><br> **DECLARATION OF BRIAN T. CORRIGAN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION OF PACIFIC STOCK TRANSFER COMPANY TO DISMISS FIRST AMENDED COMPLAINT** <br><br> **Complaint Filed: November 2, 2017** <br><br> **Date: March 16, 2018** <br> **Time: 2:30 p.m.** <br> **Courtroom: 10A** |

CORRIGAN & MORRIS, LLP
ATTORNEYS AT LAW
12300 WILSHIRE BOULEVARD
SUITE 210
WEST LOS ANGELES, CA 90025

CORRIGAN DECLARATION IN OPPOSITION TO PACIFIC'S MOTION TO DISMISS



Home | Jobs | Fast Answers | Site Map | **Search**

## U.S. Securities and Exchange Commission

# Transfer Agents

**Division of Trading and Markets**

About the Division

Broker-Dealers

Banks and Other Depository Institutions

Credit Rating Agencies

Exchanges

Over-the-Counter Markets

ECNs/Alternative Trading Systems

National Market System

Municipal Markets

Clearing Agencies

Transfer Agents

Additional Topics

Frequently Requested Documents

**Important Notes:**

Electronic Filing of Transfer Agent Forms

Filing Date Adjustment for Electronic TA Submissions

Transfer agents record changes of ownership, maintain the issuer's security holder records, cancel and issue certificates, and distribute dividends. Because transfer agents stand between issuing companies and security holders, efficient transfer agent operations are critical to the successful completion of secondary trades. Section 17A(c) of the 1934 Act requires that transfer agents be registered with the SEC, or if the transfer agent is a bank, with a bank regulatory agency. There is no SRO that governs transfer agents. The SEC therefore has promulgated rules and regulations for all registered transfer agents, intended to facilitate the prompt and accurate clearance and settlement of securities transactions and that assure the safeguarding of securities and funds. The rules include minimum performance standards regarding the issuance of new certificates and related recordkeeping and reporting rules, and the prompt and accurate creation of security holder records and the safeguarding of securities and funds. The SEC also conducts inspections of transfer agents.

## Information About Transfer Agent Registration

**Note**: Persons interested in registering as a transfer agent must review all applicable provisions of the Securities Exchange Act of 1934, the Securities Act of 1933, and the Investment Company Act of 1940, as well as the applicable rules promulgated by the SEC under those Acts, before registering as a transfer agent.

The following is a brief overview of the transfer agent registration process and the annual reporting requirement for registered transfer agents. It is not intended to be, and should not be viewed as, a substitute for reviewing all applicable provisions of the securities acts, the rules promulgated thereunder, and the applicable forms.

**Note:** The Commission recently adopted rule amendments to mandate electronic filing of Forms TA-1, TA-2, and TA-W on the Commission's EDGAR database. The amendments will be effective January 11, 2007. For more information please see release number 34-54864.

### Transfer Agent Registration

- **Who Must Register.** Pursuant to Section 17A(c)(1) of the Securities Exchange Act of 1934, it is unlawful for a transfer agent to perform any transfer agent function with respect to any qualifying security unless that transfer agent is registered with its appropriate regulatory authority ("ARA"). A list of ARAs is provided below. A "qualifying security" is any security registered under

Exhibit 1, p. 000003

Section 12 of the Securities Exchange Act of 1934.

- **When to File.** Before a transfer agent may perform any transfer agent function for a qualifying security, it must apply for registration on Form TA-1 with its ARA and its registration must become effective.

- **How and Where to File.** Each registrant must file Form TA-1 with its ARA. A registrant may determine its ARA from the following:

    1. **A national bank or a bank operating under the Code of Law for the District of Columbia, or a subsidiary of any such bank** registers with the Comptroller of the Currency.

    2. **A state member bank of the Federal Reserve System, a subsidiary thereof, or a bank holding company** registers with the Board of Governors of the Federal Reserve System.

    3. **A bank insured by the Federal Deposit Insurance Corporation (other than a bank which is a member of the Federal Reserve System) or a subsidiary thereof** registers with the Federal Deposit Insurance Corporation.

    4. **All other transfer agents** register with the U.S. Securities and Exchange Commission.

    Addresses for the ARAs can be found in the instructions to Form TA-1.

- **Effective Date.** Registration of a transfer agent becomes effective thirty days after receipt by the ARA of the application for registration, unless the filing does not comply with applicable requirements or the ARA takes affirmative action to accelerate, deny, or postpone registration in accordance with the provisions of Section 17A(c) of the Act.

### Transfer Agent Annual Reporting Requirement

- **Who Must File; When to File.** Every transfer agent that is registered on December 31 must file an annual report of its activities on Form TA-2 by the following March 31. The SEC may reject a filing that does not comply with applicable requirements.

### Withdrawal from Registration as a Transfer Agent

- **How to Withdraw from Registration.** Any transfer agent seeking to withdraw its registration as a transfer agent must file appropriate notice with its ARA. If the SEC is the ARA, the transfer agent's notice of withdrawal from registration shall be filed on Form TA-W in accordance with the instructions contained thereon. All other transfer agents must contact their ARAs for appropriate instructions.

- **Effective Date.** Notice to withdraw from registration filed by a transfer agent shall become effective on the 60th day after the filing thereof with the Commission or within such shorter period of time as the Commission may determine. If a notice to withdraw from registration is filed with the Commission any time subsequent to the date of issuance of an order instituting proceedings pursuant to Section 17A(c)(3)(A) of the Securities Exchange Act of 1934, or if prior to the effective date of the notice of withdrawal the SEC institutes such a proceeding or a proceeding to impose terms and conditions upon such withdrawal, the notice of withdrawal shall not

**Exhibit 1, p. 000004**

become effective except at such time and upon such terms and conditions as the SEC deems necessary or appropriate in the public interest, for the protection of investors, or in furtherance of the purposes of Section 17A.

**Transfer Agent Items to Note:**

- Form TA-1: The form must be filed with and approved by the appropriate regulatory agency before a transfer agent can perform any transfer agent function for a qualifying security.

- **Fingerprinting Requirement**: The partners, directors, officers, and employees of a registered transfer agent shall be fingerprinted and submit their fingerprint cards to the Attorney General of the United States for identification and appropriate processing, although some exemptions do apply. See Section 17f(2) of the Exchange Act and Rule 240.17f-2 promulgated thereunder.

- **Denials of Registration**: The appropriate regulatory agency shall deny, suspend, or limit the registration of a transfer agent if the transfer agent or any person associated with the transfer agent has committed certain prohibited acts enumerated in Section 15(b)(4) of the Exchange Act or is otherwise barred from associating with a registered transfer agent. See Section 17A(c)(3) and (4) of the Exchange Act.

- **Ongoing Requirements of Registration**:

  - Form TA-2: Every registered transfer agent, including transfer agents whose appropriate regulatory agency is not the Commission, must file an annual report on Form TA-2 with the Commission of its previous year's activities.

  - **Reporting and Recordkeeping**: A registered transfer agent must comply with Section 17A of the Act and with the various reporting, recordkeeping, and other requirements in the rules promulgated under Section 17A.

- **Withdrawal from Registration**: A transfer agent may terminate its registration by filing a Form TA-W with the Commission or by terminating its registration with its appropriate regulatory agency. See Rule 17Ad-16 for transfer agent responsibilities upon ceasing to perform transfer agent functions.

**Rules**

See Nationally Recognized Statistical Rating Organizations to find specific citations.

- Application for Registration of Transfer Agents: Rule 17Ac2-1

- Annual Reporting Requirement for Registered Transfer Agents: Rule 17Ac2-2

- Withdrawal from Registration with the Commission: Rule 17Ac3-1

- Definitions: Rule 17Ad-1 (Rule 17Ad-1 Adopting Release)

- Turnaround, Processing, and Forwarding of Items: Rule 17Ad-2 (Rule 17Ad-2 Adopting Release)

- Limitations on Expansion: Rule 17Ad-3 (Rule 17Ad-3 Adopting Release)

- Applicability of Rules 17Ad-2, 17Ad-3 and 17Ad-6(a)(1) through (7) and (11): Rule 17Ad-4 (Rule 17Ad-4 Adopting Release); (Amendment No. 1 to Rule 17Ad-4)

- Written Inquiries and Requests: Rule 17Ad-5 (Rule 17Ad-5 Adopting Release)

- Recordkeeping: Rule 17Ad-6 (Rule 17Ad-6 Adopting Release)

- Record Retention: Rule 17Ad-7 (Rule 17Ad-7 Adopting Release); (Electronic Recordkeeping Release No. 1 and No. 2)

- Securities Position Listings: Rule 17Ad-8 (Rule 17Ad-8 Adopting Release)

- Definitions: Rule 17Ad-9 (Rule 17Ad-9 Adopting Release)

- Prompt Posting of Certificate Detail to Master Securityholder Files, Maintenance of Accurate Securityholder Files, Communications between Co-Transfer Agents and Recordkeeping Transfer Agents, Maintenance of Current Control Book, Retention of Certificate Detail and "Buy-In" of Physical Over-Issuance: Rule 17Ad-10 (Rule 17Ad-10 Adopting Release)

- Reports Regarding Aged Record Differences, Buy-Ins and Failure to Post Certificate Detail to Master Securityholder and Subsidiary Files: Rule 17Ad-11 (Rule 17Ad-11 Adopting Release)

- Safeguarding of Funds and Securities: Rule 17Ad-12 (Rule 17Ad-12 Adopting Release)

- Annual Study and Evaluation of Internal Accounting Control: Rule 17Ad-13 (Rule 17Ad-13 Adopting Release)

- Tender Agents: Rule 17Ad-14 (Rule 17Ad-14 Adopting Release)

- Signature Guarantees: Rule 17Ad-15 (Rule 17Ad-15 Adopting Release)

- Notice of Assumption or Termination of Transfer Agent Services: Rule 17Ad-16 (Rule 17Ad-16 Adopting Release)

- Transfer Agents' Obligation to Search for Lost Securityholders: Rule 17Ad-17 (Rule 17Ad-17 Adopting Release)

- Year 2000 Readiness Reports to Be Made by Certain Transfer Agents: Rule 17Ad-18

- Requirements for Cancellation, Processing, Storage, Transportation, and Destruction or Other Dispositons of Securities Certificates: Rule 17Ad-19 (Rule 17Ad-19 Adopting Release)

- Operational Capability in a Year 2000 Environment: Rule 17Ad-21T

**Interpretive Releases**

- 1980 Interpretive Release for Rules 17Ad-1, 2, 4, 5, 6, and 7

## No-Action Letters

- Putnam Investor Services, Inc., December 31, 2009 (Providing limited dividend reinvestment services for closed end funds)

- TIAA-CREF (Division would not recommend enforcement action if TIAA maintains the official records of contract holder account ownership for the variable annuities issued or funded by College Retirement Equities Fund without registering as a transfer agent in reliance on the "insurance company exclusion" from the definition of transfer agent in Section 3(a)(25) of the Exchange Act.)

- Wells Fargo Bank, N.A., July 29, 2004 (Electronic records retention: Division would not recommend enforcement action if Wells places certain materials into escrow in order to comply with Rule 17Ad-7(f)(ii)).

- Lincoln National Life Insurance Company, August 22, 2003 (Division would not recommend enforcement action if Lincoln conducts certain recordkeeping activities for variable annuity and variable life insurance contracts subsequently acquired by, but not originally issued by, Lincoln and relies on the insurance company exclusion from the definition of transfer agent in Section 3(a)(25) of the Exchange Act.)

*http://www.sec.gov/divisions/marketreg/mrtransfer.shtml*

Contact | Employment | Links | FOIA | Forms | Privacy Policy        Modified: 04/28/2016

https://www.sec.gov/divisions/marketreg/mrtransfer.shtml

Exhibit 1, p. 000007

5/5